**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 10-4839**

———————————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

ALVARO EZEQUEIL ALAS, a/k/a Balmore Alas,

                Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Greenville.   Henry M. Herlong, Jr., Senior
District Judge.   (6:09-cr-01067-HMH-1)

———————————

Submitted:   June 20, 2011            Decided:   June 28, 2011

———————————

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Michael Chesser, Aiken, South Carolina, for Appellant.   Andrew
Burke Moorman, OFFICE OF THE UNITED STATES ATTORNEY, Greenville,
South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alvaro Ezequeil Alas was sentenced to 224 months of imprisonment following his guilty plea to conspiracy to possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a), (b)(1)(A), 846 (2006). His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating there are no meritorious issues for appeal, but nevertheless arguing that the sentence imposed is procedurally unreasonable because the district court failed to make an individualized assessment of the facts presented and failed to sufficiently state the reasons for the sentence imposed. Alas filed a supplemental brief, arguing that the district court plainly erred in imposing a two-level leadership role sentencing enhancement. Finding no reversible error, we affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Layton, 564 F.3d 330, 335 (4th Cir.), cert. denied, 130 S. Ct. 290 (2009). In determining the procedural reasonableness of the sentence, we consider whether the district court properly calculated the defendant's advisory Guidelines range, considered the § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 51.

2

"Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). Where, as here, the district court imposed a within-Guidelines sentence, the explanation may be "less extensive, while still individualized." United States v. Johnson, 587 F.3d 625, 639 (4th Cir. 2009), cert. denied, 130 S. Ct. 2128 (2010). Generally, a court provides an adequate explanation for a Guidelines sentence when it indicates that it is "rest[ing] [its] decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case, and that the judge has found that the case before him is typical." United States v. Hernandez, 603 F.3d 267, 271 (4th Cir. 2010) (internal quotation marks omitted).

Counsel did not preserve a claim of error, and thus our review is for plain error. United States v. Lynn, 592 F.3d 572, 579-80 (4th Cir. 2010). We conclude that the district court adequately explained its chosen sentence. Moreover, Alas fails to show that the lack of a more detailed explanation had a prejudicial effect on the sentence imposed. United States v. Washington, 404 F.3d 834, 849 (4th Cir. 2005).

We review the district court's decision to apply a sentencing adjustment based on the defendant's role in the

3

offense for clear error.  United States v. Sayles, 296 F.3d 219, 224 (4th Cir. 2002).  A defendant qualifies for a two-level enhancement if he was "an organizer, leader, manager, or supervisor in any criminal activity."  U.S. Sentencing Guidelines Manual § 3B1.1(c) (2010).  "Leadership over only one other participant is sufficient as long as there is some control exercised."  United States v. Rashwan, 328 F.3d 160, 166 (4th Cir. 2003).  We conclude that the district court did not clearly err in imposing a two-level leadership enhancement.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Alas' conviction and sentence.  This court requires that counsel inform Alas, in writing, of the right to petition the Supreme Court of the United States for further review.  If Alas requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Alas.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4